**Murray FIELDS,
Consolidated Foods Corporation,
Appellants,
v.
William E. SCHUYLER, Jr.
No. 71–1525.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 25, 1972.

Decided Oct. 16, 1972.

Mr. Edward Halle, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Mr. Albert H. Kirchner, Kensington, Md., was on the brief, for appellants.

Mr. John W. Dewhirst, Atty., Washington, D. C., with whom Mr. S. William Cochran, Solicitor, was on the brief, for appellee.

Before WRIGHT, LEVENTHAL and MacKINNON, Circuit Judges.

LEVENTHAL, Circuit Judge:

This is an appeal by plaintiff-appellant[1] from a judgment dismissing the complaint, brought under 35 U.S.C. § 145, to have the District Court authorize the issuance of a design patent for the ornamental design of a pen. The essential features of the design disclosed by the claim pertain to the upper portion, above the annular ring, on the barrel of a ballpoint pen, which is round in cross-section, and gradually flattens on the sides by means of facets, until it is squared at the top in cross-section. The top is provided with a square push button; and both the top of the barrel and the push button are angled downward.

The District Court dismissed the complaint stating:

Title 35 USC 103 denies patentability to a novel design if the differences between the design and the prior art are such that the design would have been obvious to one skilled in the art.

It upheld the determination of the Patent Examiner, who concluded that the advancement in design was obvious to a person of ordinary skill working in this field, and of the Board of Patent Appeals, which stated that appellant's design was so similar to the prior art as to be a minor modification thereof rather than a new design.

In these cases there is a presumption of correctness of the Patent Office determination, and a separate presumption in favor of the findings of the District Court, in the absence of clear error. Appellant submits that this case, however, involves a distinct error of law. The error is identified as the application of the general rule denying patentability for advances "obvious . . . to a person having ordinary skill in the art," 35 U.S.C. § 103, without attention to the requirement that in the case of design patents, this requires a determination that the advance was obvious to the "ordinary intelligent man." Appellant relies particularly on In re Laverne and Laverne, 356 F.2d 1003, 53 C.C.P.A. 1158 (C.C.P.A.1966) and Schwinn Bicycle Co. v. Goodyear Tire and Rubber Co., 444 F.2d 295 (9th Cir. 1970).

The District Court relied on Blumcraft of Pittsburgh v. Citizens & Southern Natl. Bank, 407 F.2d 557, 559 (4th Cir. 1969), citing Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 15 L. Ed.2d 545 (1966), which applied the statutory term (obviousness "to a person having ordinary skill in the art"), without any special gloss for design cases. *Blumcraft* did not discuss *Laverne* and the problems ventilated there. But *Laverne,* and *Schwinn,* were attentively analyzed in HADCO Products, Inc. v. Walter Kidde & Co., 462 F.2d 1265 (3d Cir. 1972).

We find Judge Forman's opinion in *HADCO* to provide a careful analysis of the problem and we join in the Third Circuit's ruling and its rejection of the approach of *Laverne* and *Schwinn.* Judge Forman's opinion acknowledges that the test of the "ordinary observer" has applicability in determining the novelty and ornamentality of a design, and that this standard, like the "ordinary in-

---

1. There are two plaintiffs; we use the singular for convenience.

telligent man" standard of *Laverne,* must ultimately "rest on the subjective conclusion of each judge." However, the Third Circuit gives effect to the statutory standard, which denies patentability to an advance obvious at the time to a person of ordinary skill in the art, by concluding that the ultimate determination of obviousness or non-obviousness of claimed design turns on "an objective finding that similarity of appearance was so lacking in the prior art as to render the [claimed] design as a whole nonobvious to a worker of ordinary skill."

In short, while the judge must rely on his own visual impression as to whether the claim design is novel in the sense of conveying an aesthetic effect substantially different from that previously seen in the art, there is also a more objective reference point when he comes to consider whether the new design "reflect[ed] originality born of inventive faculty," [2] or was obvious to one skilled in the art.[3]

We acknowledge that some interesting questions are raised in the *Laverne* and *Schwinn* opinions as to the possible need for a different gloss on the obviousness standard in the case of design patents. But we are in no position to say that a judge's effort to determine what is "obvious . . . to a person skilled in the art" will stifle design creativity. The judge's experience enables him to compensate for the tendency of inventions to look obvious—with the 20–20 vision of hindsight. And he will know

how to use the "average observer" as an indicator of patentability, especially in an area of consumer goods design, where the patent is not a reward for an advance in utility so much as for distinctiveness, ornament and aesthetic satisfaction. Yet if the ultimate standard were to turn on originality from the point of view of the average observer, commercial success would become a virtually conclusive determinant, and not merely a secondary indicator, of patentability.

Our decision that the statute calls for application as written, comes down in the last analysis to a conviction that while Congress has provided for limited monopoly as a means of enhancement of the industrial arts, it never intended to give such a monopoly to a person whose contribution could fairly be regarded as one that was obvious to a person of "ordinary skill" in the pertinent art. Some skill is inherent in the concept of ordinary skill, and it may be that the reference point moves close to that of the ordinary observer when the standard of skill comes to be applied by an ordinary judge who lacks that skill. But such problems are frequently encountered and the law copes with them as best it can. To move outright to the average observer as the definition of the ultimate standard would, we think, tend to proliferate monopolies beyond the range fairly contemplated by Congress.

Affirmed.

---

2. R. M. Palmer Co. v. Luden's Inc., 236 F.2d 496, 501 (3rd Cir. 1956).

3. Appellant argues that in *Deere* the Supreme Court held that the 1952 statutory formulation in 35 U.S.C. § 103 merely codified the prior law, and that the prior law prescribed an "average observer" reference point for design patents, citing In re Johnson, 175 F.2d 791, 36 CCPA 1175 (1949).

We have examined Gorham Mfg. Co. v. White, 14 Wall. 511, 20 L.Ed. 731 (1872), cited in *Johnson* as the source of the "average observer" reference point, and note that there the Court was stressing that an average observer might find two designs the *same* (for the purpose of infringement), though an expert might

detect differences. *Johnson* also cites Smith v. Whitman Saddle Co., 148 U.S. 674, 13 S.Ct. 768, 37 L.Ed. 606 (1893), but there the Court held patentability negatived because the changes in design of a saddle were of a kind in common practice among ordinary workmen in the field. 148 U.S. at 681, 13 S.Ct. 768. The last paragraph of *Johnson* also refers to the inventive faculty as negatived by design adaptations for pipe pliers that reflected "obvious expedients to a designer skilled in the art."

We discern no significant doctrinal deviation in the prior law that requires an implied exception or modification to be read into the 1952 amendment for the case of design patents.